UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

KELVEN LORENZO LEWIS,

            Petitioner,            Case No. 1:13-cv-1045

v.                                          Honorable Robert J. Jonker

WILLIE SMITH,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough*, 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

I. Factual Allegations

Petitioner Kelven Lewis presently is incarcerated at the Carson City Correctional Facility. Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct (CSC I), MICH. COMP. LAWS § 750.520b(1)(f), assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84. On March 19, 2002, he was sentenced to respective prison terms of 15 to 30 years and 7 to 10 years.

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, raising three issues: (1) the offense was overcharged; (2) his statement should have been suppressed; and (3) his sentence should be reduced. In a peremptory order issued June 12, 2003, the court of appeals remanded the case solely for entry of a corrected minimum sentence on the assault conviction. The court denied the application in all other respects for lack of merit in the grounds presented. *See People v. Lewis*, No. 246990 (Mich. Ct. App. June 12, 2003). Petitioner did not seek leave to appeal to the Michigan Supreme Court.

On August 22, 2003, the trial court entered the corrected sentence. Petitioner did not file an application for leave to appeal to either the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner filed a petition for writ of habeas corpus in the Eastern District of Michigan on October 23, 2006. In an opinion and judgment issued June 30, 2008, the court dismissed the petition without prejudice for lack of exhaustion. *See Lewis v. Metrish*, No. 2:06-CV-14780 (June 30, 2008).

In the instant habeas petition, filed on September 20, 2013, Petitioner raises the following grounds: (1) the victim committed perjury; (2) no DNA evidence was obtained or presented as evidence at trial; (3) the offense was overcharged, as the victim had no bruises or other physical evidence of trauma; and (4) Petitioner did not understand his *Miranda* rights and was unable to read the written warnings without his glasses.

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to Petitioner's application, Petitioner filed a delayed application for leave to appeal his conviction to the Michigan Court of Appeals, which was denied on June 12, 2003, though one of his sentences was remanded for correction of the minimum sentence. Petitioner did not seek leave to appeal to the Michigan Supreme Court at that time. On remand, the order amending sentence was entered on August 22, 2003. Petitioner did not seek leave to appeal to either the Michigan Court of Appeals or the Michigan Supreme Court.

Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one year, until Monday, August 23, 2004, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest

court, the judgment becomes final when the petitioner's time expires for seeking state-court review). As a result, under the AEDPA, Petitioner had one year from August 23, 2004, or until August 23, 2005, in which to file his habeas application. Petitioner filed on September 20, 2013. Obviously, absent tolling or other excuse, Petitioner's habeas application is untimely.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the filing of a federal habeas corpus petition does not serve to toll the statute of limitations. *See Duncan*, 533 U.S. at 181-82 (holding that the habeas statute of limitations is not tolled during the pendency of a federal habeas petition). As a consequence, Petitioner's prior habeas application filed in 2006 had no impact on the running of the statute of limitations.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to allege facts or circumstances that would warrant equitable tolling in this case. Indeed, Petitioner acknowledges that the "timeliness of [his] petition is inexcusable." (Pet., docket #1, Page ID#13.) However, Petitioner states that he had no knowledge of habeas corpus petitions and had no legal authority to direct him in the filing of a habeas petition. As a consequence, he claims that he has experienced "a miscarriage of justice which forced a travesty of justice." (*Id.*)

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Moreover, Petitioner's claim that he was unaware of the availability of habeas relief and lacked the ability to seek that relief lacks all credibility, given that Petitioner actually filed a prior habeas petition in the Eastern District of Michigan in 2006. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In the instant case, Plaintiff makes no claim or showing of actual innocence. As a result, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: October 18, 2013 　　　　　　　　　　　　/s/ Hugh W. Brenneman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　HUGH W. BRENNEMAN, JR.
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).